

**U.S. Department of Justice**

*Criminal Divison*
*Fraud Section*

---

1400 New York Avenue,   202-923-6451
Washington, D.C.

January 27, 2025

Anthony J. Iacullo, Esq.
Iacullo, Martino & Reinitz
247 North Franklin Avenue
Suite 2
Nutley, New Jersey 07110

**RECEIVED**

APR 0 1 2025

AT 8:30 _____ M
CLERK, U.S. DISTRICT COURT - DNJ

    Re:    <u>Plea Agreement with Kirtan S. Patel</u>
           Criminal Number 23-cr-696-1(GC)

Dear Mr. Iacullo:

      This letter sets forth the plea agreement between your client, Kirtan S. Patel ("PATEL"), and the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney for the District of New Jersey (together, "this Office"). This offer will expire on January 31, 2025, at 5:00 p.m. if it is not accepted in writing by that date. If PATEL does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from PATEL to Count 10 of the Indictment, which charges PATEL with False Statements Relating to Health Care Matters in violation of 18 U.S.C. §§ 1035 and 2. If PATEL enters a guilty plea and is sentenced on these charges and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against PATEL for conspiring to commit health care fraud, health care fraud, or making false statements relating to health care matters in connection with the operation of Pharmacy 1 between in or around June 2019 through in or around August 2023.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may initiate any other charges against PATEL even if the applicable statute of limitations period for those charges expires after PATEL signs this agreement, and PATEL agrees not to assert that any such charges are time-barred.

## Sentencing

The violation of 18 U.S.C. § 1035 to which PATEL agrees to plead guilty in Count 10 of the Indictment carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon PATEL is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence PATEL ultimately will receive.

Further, in addition to imposing any other penalty on PATEL, the sentencing judge as part of the sentence:

(1) will order PATEL to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) must order PATEL to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d);

(3) may order PATEL, pursuant to 18 U.S.C. § 3555, to give reasonable notice and explanation of the conviction to any victims of his offense;

(4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and

(5) pursuant to 18 U.S.C. § 3583 may require PATEL to serve a term of release of not more than three years on each count, which will begin at the expiration of any term of imprisonment imposed. Should PATEL be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, PATEL may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Pursuant to the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, PATEL agrees to pay full restitution, jointly and severally with his co-conspirators, to the victims of the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense in an amount that fully compensates the victim for the losses sustained as a result of those offenses as follows:

| Victim | Amount |
|---|---|
| Independence Blue Cross | $273,548 |
| Horizon Blue Cross Blue Shield | $367,375 |

## Forfeiture

As part of PATEL's acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(7), PATEL agrees to forfeit to the United States of America all of his right, title, and interest in all property PATEL obtained that constitutes or was derived, directly and indirectly, from gross proceeds traceable to the false statements relating to health care matters charged in the Information, and all property traceable to such property.

PATEL further agrees that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists, entitling the United States to forfeit substitute assets equal to the aggregate value of the forfeitable property described above (the "Money Judgment"). PATEL consents to the entry of an order to be entered at or around the time of the plea hearing requiring PATEL to pay the Money Judgment, which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by (i) electronic funds transfer, as directed by the Office; or (ii) postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating PATEL's full name and case number on the face of the check; and shall be delivered by mail to the United States Attorney's Office, District of New Jersey, Attn: Asset Recovery and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. PATEL agrees that this Office may conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

PATEL further agrees that he will not contest the criminal, civil, or administrative forfeiture of the property listed on the attached Schedule B (the "Forfeitable Property"), that he will not file a petition in an ancillary proceeding or a petition for remission or mitigation as to the Property; nor will he assist a

third party in doing so. PATEL further agrees that he will take all necessary steps to pass clear title to the Forfeitable Property to the United States.

PATEL waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. PATEL further understands that PATEL has no right to demand that any forfeiture of PATEL's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon PATEL in addition to forfeiture.

PATEL further agrees that not later than the date he enters his plea of guilty he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If PATEL fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that PATEL has intentionally failed to disclose assets on his Financial Disclosure Statement, PATEL agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

It is further understood that the Office will recommend to the Attorney General that any forfeited money or property be remitted or restored to eligible victims of the offense, pursuant to 18 U.S.C. § 982(b)(1), 21 U.S.C. § 853(i), 28 C.F.R. Pt. 9, and other applicable law, it being understood that this Office has authority only to recommend such relief and that the final decision of whether to grant relief rests with the Department of Justice, which will make its decision in accordance with applicable law.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on PATEL by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United

States Probation Office of: (1) this agreement; and (2) the full nature and extent of PATEL's activities and relevant conduct with respect to this case.

### Stipulations

This Office and PATEL will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Exclusion from Federal Health Care Programs

Defendant understands and acknowledges that as a result of this plea, Defendant will be excluded from participating in all federal healthcare programs, including the Medicare and Medicaid Programs ("Medicare" and "Medicaid," respectively). Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to, the United States Department of Health and Human Services, to effectuate this exclusion within sixty days of receiving the documents. This exclusion will not affect Defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

### Use of Statements

The Defendant waives any protection afforded by Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence. Any statements made by the Defendant in any proceeding under Rule 11 of the

Federal Rules of Criminal Procedure and the Statement of Facts set forth in Schedule A, will be admissible against the Defendant without limitation in any civil or criminal proceeding.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and PATEL waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

PATEL understands that, if PATEL is not a citizen of the United States, PATEL's guilty plea to the charged offense will likely result in PATEL being subject to immigration proceedings and removed from the United States by making PATEL deportable, excludable, or inadmissible, or ending PATEL's naturalization. PATEL understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. PATEL wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause PATEL's removal from the United States. PATEL understands that PATEL is bound by this guilty plea regardless of any immigration consequences. Accordingly, PATEL waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. PATEL also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

### Other Provisions

This agreement is limited to this Office and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against PATEL. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against her.

No provision of this agreement shall preclude PATEL from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between PATEL and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

VIKAS KHANNA
Acting United States Attorney

GLENN S. LEON
Chief
Criminal Division, Fraud Section
U.S. Department of Justice

Nicholas K. Peone
Paul J. Koob
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice

APPROVED:

/s/ Thomas Tynan
Thomas Tynan
Assistant Chief
Criminal Division, Fraud Section
United States Department of Justice

I have received this letter from my attorney, Anthony J. Iacullo, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 01/31/2025
Kirtan S. Patel


I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 1/31/25
Anthony J. Iacullo, Esq.
Counsel for Defendant

- 8 -

Plea Agreement with Kirtan S. Patel

Schedule A

1. This Office and Kirtan S. Patel ("PATEL") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. This Office and PATEL agree to stipulate to the following facts: On or about November 4, 2020, in the District of New Jersey and elsewhere, PATEL, in a matter involving a health care benefit program, did knowingly and willfully: (a) falsify, conceal, and cover up by trick, scheme, and device material facts; and (b) make materially false, fictitious, and fraudulent statements and representations, and make and use materially false writings and documents, knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in connection with the delivery of and payment for health care benefits, items, and services.

3. Specifically, on November 4, 2020, PATEL submitted, or caused to be submitted, to a health care benefit program, materially false documents containing prescriptions, prescription pick up records, and a patient co-pay consent letter pertaining to Employee 1.

4. PATEL submitted these documents in response to an audit by a health care benefit program. The documents PATEL submitted pertained to $6,741.74 in prescription drug claims paid by a health care benefit program to Pharmacy 1.

5. PATEL submitted these documents, or caused them to be submitted, knowing them to be materially false.

6. The version of the Guidelines effective November 1, 2023 applies in this case.

7. The applicable guideline is U.S.S.G. § 2B1.1. Because the offense of conviction does not have a statutory maximum term of imprisonment of 20 years or more, this guideline carries a Base Offense Level of 6.

8. The reasonable estimate of loss to health care benefit programs as a result of the offense and PATEL's relevant conduct was more than $550,000 but less than $1,500,000, resulting in an increase of 14 levels. See U.S.S.G. § 2B1.1(b)(1)(H).

9. PATEL abused a position of public or private trust in that he used his position as a pharmacy license holder and Medicare enrollee in a manner that significantly facilitated the commission or concealment of the offense, and thus the offense level is increased by two levels. See U.S.S.G. § 3B1.3.

10. As of the date of this letter, PATEL has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if PATEL's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

11. As of the date of this letter, PATEL has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in PATEL's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) PATEL enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that PATEL's acceptance of responsibility has continued through the date of sentencing and PATEL therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) PATEL's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

12. If PATEL establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. § 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 17; otherwise, PATEL's total Guidelines offense level will be 19.

13. Accordingly, the parties agree that, depending upon the sentencing court's resolution of the open Guidelines issues noted above, the total offense level ("Total Offense Level") applicable to PATEL is:

   (a) 19, if the Court finds that PATEL does not meet the criteria described in U.S.S.G. § 4C1.1; or

   (b) 17, if the Court finds that PATEL meets the criteria described in U.S.S.G. § 4C1.1.

14. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

15. If the term of imprisonment does not exceed 37 months, and except as specified in the next paragraph below, PATEL will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the

term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 24 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

16. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).